**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4362-16T1

GOMEZ LLC ATTORNEY AT LAW,

    Plaintiff-Respondent,

v.

DIEGO VILLAQUIRAN and GLORIA
VILLAQUIRAN,

    Defendants-Appellants.

_____

Submitted February 14, 2018 — Decided June 5, 2018

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-2721-
16.

Diego and Gloria Villaquiran, appellants pro
se.

Gomez LLC Attorney At Law, respondent pro se
(Julio C. Gomez, on the brief).

PER CURIAM

    Defendants Diego and Gloria Villaquiran, former clients of

plaintiff law firm Gomez LLC Attorney at Law (the Firm), appeal

from a summary judgment in favor of plaintiff for its unpaid legal fees in the amount of $26,401.43. We affirm.

These are the facts. Defendant Diego Villaquiran's first attorney filed a complaint against All-State International, Inc., alleging discrimination, unlawful termination, hostile work environment, and retaliation, in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. The complaint was filed on April 17, 2012.[1] Eight months later, All-State filed a motion to enforce a purported settlement, and the trial court granted the motion. Diego appealed. After determining the motion record demonstrated genuine disputes as to what constituted the material terms of the settlement and whether the parties mutually agreed to those terms, the Appellate Division reversed and remanded for a plenary hearing. Villaquiran v. All-State Int'l Inc., No. A-2961-12 (App. Div. July 8, 2014).

On remand, Diego retained the Firm for the sole purpose of representing him at the remand hearing. Neither the Firm's retainer agreement nor the services rendered by its principal and only attorney, Julio C. Gomez, are involved in this appeal. All-

_____

[1] For ease of reference, to differentiate defendants, and to avoid possible confusion from defendant Diego Villaquiran's appearance as plaintiff in the LAD case and defendant in this case, we refer to the Villaquirans by their first names. No disrespect is intended.

State abandoned its position that a binding settlement had occurred, rendering moot the need for a plenary hearing.

The Villaquirans decided to retain the Firm to continue representing Diego in the LAD litigation. The Firm and the Villaquirans signed a modified retainer agreement (Agreement). The Villaquirans agreed to compensate the Firm at the hourly rate of $175 plus fifteen, twenty, or twenty-five percent of any settlement, depending on the stage of the litigation when the settlement occurred. Gloria Villaquiran signed the Agreement to guarantee payment of the Firm's fees and expenses.

The Firm represented Diego from November 2014 through September 2016, when the court granted the Firm's motion to withdraw as counsel, a motion the Firm filed after the Villaquirans terminated the Firm's services. The Villaquirans paid the Firm's fees through October 31, 2015. They did not pay for the services the Firm performed between November 6, 2015, and September 23, 2016. Those services are documented in three invoices dated February 17, April 6, and October 31, 2016.

When the Villaquirans continued to refuse to pay the balance owed to the Firm, the Firm served them with the pre-action notice required by Rule 1:20A-6, advising them of their right to have the dispute decided at a fee arbitration proceeding. The Villaquirans

did not avail themselves of fee arbitration. The Firm commenced this action.

The Firm eventually moved for summary judgment, supporting its motion with Gomez's certification and numerous exhibits. Gomez attested to the foregoing facts and the reasonableness of the Firm's fees. The Villaquirans responded with numerous allegations concerning the unreasonableness of the Firm's fees and Gomez's alleged inadequate performance.

Judge Mark P. Ciarrocca issued a written opinion and granted the Firm's summary judgment motion, finding the Firm's fees reasonable. The judge noted the Villaquirans did not dispute their retention of the Firm or the "form or content" of the modified retainer agreement. Citing Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510 (App. Div. 2009), Judge Ciarrocca explained expert testimony was required to challenge the reasonableness of an attorney's fee. The Villaquirans' opposition included no expert report or opinion concerning the reasonableness of either Gomez's performance or the Firm's fees. Rather, the Villaquirans' allegations were "lacking any support from the record, and constitute[d] nothing more than bare conclusions and self[-]serving fanciful arguments lacking factual support. Thus, [the Villaquirans'] opposition consist[ed]

4

of mere speculation and conclusory statements which cannot as a matter of law raise a genuine issue of material fact."

We affirm, substantially for the reasons expressed by Judge Ciarrocca in his May 2, 2017 written decision. The Villaquirans' arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION